UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 23, 2019

LETTER TO COUNSEL

RE:   *Nora P. v. Commissioner, Social Security Administration*;
       Civil No. SAG-18-1604

Dear Counsel:

On June 4, 2018, Plaintiff Nora P. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 18, 19, 20. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

After a prior denial of benefits, Plaintiff filed the instant claim for benefits on May 9, 2012, alleging an onset date of August 11, 2007.[1] Tr. 156-57. Her claim was denied initially and on reconsideration. Tr. 88-91, 93-94. A hearing was held on June 19, 2014, before an Administrative Law Judge ("ALJ"). Tr. 25-57. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 9-24. The Appeals Council declined review. Tr. 1-5. Plaintiff then appealed the decision to this Court, and the case was remanded for further consideration. Tr. 682-84. An ALJ held a second hearing on February 21, 2018. Tr. 633-77. On March 30, 2018, the ALJ issued an opinion again denying benefits. Tr. 618-32. The ALJ's 2018 decision is the final, reviewable decision of the SSA. *See* 20 C.F.R. § 404.984 (ALJ's decision after Federal court remand is final decision unless Appeals Council assumes jurisdiction).

Because Plaintiff's date last insured was December 31, 2009, she had to establish a disability onset on or before that date, leaving her less than a one-month window from her amended alleged onset date within which to prove disability. Tr. 623. The ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairments of "trigeminal neuralgia, anxiety, and depression." Tr. 623. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

---

[1] Plaintiff later amended her alleged onset date to December 2, 2009, one day after her prior denial of benefits. Tr. 56.

> perform medium work as defined in 20 CFR 404.1567(c) except she could have only occasional exposure to extreme cold, extreme heat, wetness, humidity, vibration, fumes, odors, dust, gases, poor ventilation, no hazards; and no fast pace or strict production requirements.

Tr. 625. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other jobs existing in the national economy, specifically the representative occupations of box bender, mold filler, and hand packager. Tr. 629-30. Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. Tr. 630.

Plaintiff raises two primary arguments on appeal: (1) that the ALJ's step five conclusion was not supported by substantial evidence because the hypothetical posed to the VE was flawed; and (2) that the ALJ erred by failing to properly consider Plaintiff's diagnosis of fibromyalgia. ECF 18-1 at 9-26. I agree with Plaintiff's first argument, and I therefore grant remand under sentence four. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Beginning with the successful argument, Plaintiff cites the recent opinion of the Fourth Circuit in *Thomas v. Berryhill,* 916 F.3d 307 (4th Cir. 2019) for the proposition that remand is warranted where a limitation proposed by the ALJ in his hypothetical limitation is not defined by common meaning, regulation, or the DOT. ECF 18-1 at 11. In *Thomas,* the Fourth Circuit held that the ALJ's failure to define "production rate or demand pace" was fatal to the RFC assessment, because the lack of clarity frustrated appellate review. *Id.* at 312-13. In this case, Plaintiff presents the argument as a flaw in the hypothetical presented to the VE instead of a flaw in the RFC assessment, although the deficient RFC assessment would also infect the hypothetical based on that assessment. Plaintiff is correct that the ALJ presented the VE with a hypothetical including "no fast pace, or strict production requirements," with no further definition of those terms. Tr. 673-74. The term "strict production requirements" is directly analogous to the term deemed problematic in *Thomas,* and, as this Court has previously noted, "Different individuals can have different conceptions of what work is or is not 'fast.'" *Crocetti v. Comm'r. Soc. Sec.,* Civil No. SAG-17-1122 (D. Md. June 6, 2018). Therefore, remand is warranted to allow the ALJ to clarify the RFC assessment and hypothetical to the VE, in order to establish that the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion.[2]

---

[2] Plaintiff seeks to bolster her argument with information from the *Revised Handbook for Analyzing Jobs*, U.S. Dep't of Labor, (1991) ("RHAJ"). ECF 20 at 5-6. In the RHAJ, repetitive or short-cycle work is defined as involving "a few routine and uninvolved tasks over and over again according to set procedures, sequence, or pace with little opportunity for diversion or interruption." *RHAJ*, U.S. Dep't of Labor at 10-2. While the SSA takes administrative notice of the *Dictionary of Occupational Titles*, U.S. Dep't of Labor (4th ed. 1991) ("DOT"), it has not taken notice of the RHAJ. 20 C.F.R. § 404.1566(d); *Camden v. Colvin*, Civil No. SKG-13-1553, 2014 WL 2964992, at *4 (D. Md. June 26, 2014); *see Lewis v. Berryhill*, 708 F. App'x 919 (9th Cir. 2018) (unpublished) (holding ALJ's duty to resolve conflicts between VE testimony and the DOT does not extend to possible conflicts with the RHAJ). Therefore, the Court's remand in this case is not based on information contained in the RHAJ.

Plaintiff also contests the ALJ's evaluation of her fibromyalgia diagnosis, suggesting that the ALJ's evaluation misapprehends the incurable nature of fibromyalgia. ECF 18-1 at 12-26. To substantiate her claim that she was diagnosed with fibromyalgia prior to her date last insured, Plaintiff cites only to records from a single medical appointment, on March 20, 2008, at which Plaintiff reported having a history of fibromyalgia diagnosis. Tr. 283, 380.[3] The examining doctor neither affirmed the diagnosis nor related the symptoms Plaintiff reported to fibromyalgia. *See, e.g.*, Tr. 283 (diagnosing facial neuralgia and headache). Plaintiff, who bears the burdens of production and proof at step two, did not submit any medical records demonstrating which medical provider had diagnosed fibromyalgia before the March 20, 2008 appointment, or which diagnostic criteria supported the diagnosis. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (noting that the evidentiary burdens rest on the claimant). Accordingly, I find no error, on the current record, in the ALJ's application of SSR 12-2p, 2012 WL 3104869 (S.S.A. July 25, 2012). Since the case is being remanded on other grounds, on remand, the ALJ should address any fibromyalgia-related evidence in accordance with SSR 12-2p.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[3] The doctor from the March 20, 2008 appointment both submitted treatment notes and drafted a letter summarizing the appointment. Tr. 283, 380. The same letter appears several times throughout the transcript. Tr. 394, 398.